BETTS & WRIGHT, A Professional Corporation
Attorneys at Law
P.O. Box 28550
Fresno, California 93729-8550
Telephone: (559) 438-8500
Facsimile: (559) 438-6959

James B. Betts (State Bar #110222)
Joseph D. Rubin (State Bar #149920)

Attorneys for Plaintiff RICARDO RAMIREZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CYPRESS AVENUE PARTNERS LLC | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| AXION POWER INTERNATIONAL, INC.; JOHN GRANVILLE; JOHN PETERSON; and DOES 1-50, inclusive, | |
| Defendants. | |

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), in that complete diversity exists between Plaintiff and Defendants in this case. Plaintiff Cypress Ave Partners LLC is a limited liability company qualified to do business in the State of California. Defendant Axion Power, Inc., is a corporation with its principal place of business in Delaware; Defendant John Granville is a resident of Pennsylvania and Defendant John Petersen is a licensed attorney practicing in Switzerland.

2. The amount in dispute exceeds $900,000.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) in that Plaintiff does business in this judicial district and a substantial part of the events

1  giving rise to this claim occurred, and the agreement that is subject of this claim
2  was entered into, in this judicial district.

3
4  **THE PARTIES**

5      4.     Plaintiff Cypress Avenue Partners is a Nevada limited liability company,
6  which at all times herein relevant was doing business, and did business, in
7  California.

8      5.     Plaintiff is informed and believes, and thereon alleges, that Defendant
9  Axion Power, Inc., is a corporation with its principal place of business in Delaware,
10 which at all times herein relevant engaged Plaintiff in connection with business
11 activities undertaken in California.

12     6.     Plaintiff is informed and believes, and thereon alleges, that at all times
13 herein that Defendant John Granville was an individual who served as the Chief
14 Executive Officer of Axion Power, Inc.

15     7.     Plaintiff is informed and believes, and thereon alleges, that at all times
16 herein relevant that Defendant John Peterson was an individual who was licensed
17 as an attorney and who provided professional advice to Plaintiff regarding the
18 business activities at issue in this case.

19     8.     The Defendants herein named as Does 1-50, inclusive, are currently
20 unknown to Plaintiff, who sues said Defendants by such fictitious names. Plaintiff
21 will seek leave to amend this Complaint to allege the true names and capacities of
22 said Defendants when the same have been ascertained.

23     9.     Plaintiff is informed and believes and therein alleges that at all times
24 herein mentioned, Defendants, and each of them, proximately caused and
25 contributed to, by agency, joint venture or otherwise, the happenings, events,
26 fraudulent acts or other unlawful acts or circumstances hereinafter alleged.

27     10.     Plaintiff is informed and believes and thereon alleges that the
28 Defendants, and each of them, were at all times herein mentioned the agents,

servants and employees or representatives of the remaining Defendants, and each of them, and at all times herein mentioned were acting within the course, scope and purpose of said agency and employment, and with the knowledge and consent of the remaining Defendants.

**NATURE OF CASE**

11.     On or about October 5, 2006, Plaintiff and Defendant Axion Power International, Inc., ("Axion") entered into a written agreement for consulting services ("Agreement"), a copy of which is attached as Exhibit A.  The Agreement provided, generally, that Plaintiff would work on behalf of Defendant Axion to assist with Defendant Axion's fund-raising efforts.  As a direct result of Plaintiff's efforts, Defendant Axion was recently able to secure approximately $18 million in financing ("the Financing").  Plaintiff is owed fees earned under the terms of the Agreement as well as the other consideration promised to Plaintiff, as follows:

    A.     Section 3(i) of the Agreement provides for the issuance of a warrant to Plaintiff upon the execution of the Agreement, in the amount of 200,000 shares.  Despite repeated assurances by Defendant John Peterson that this warrant had been issued, Plaintiff was never provided with the warrant.

    B.     Section 3(ii) of the Agreement provides that upon the closing of a financing transaction with a funding source introduced by Plaintiff, Defendant Axion will pay Plaintiff $50,000.00.  Despite the fact that a financing transaction closed on or about January 15, 2007, Defendant Axion has failed or refused to pay Plaintiff.

    C.     Paragraph 3(iii) of the Agreement requires Defendant Axion to pay Plaintiff 5% of the proceeds from any equity financing raised or resulting from Plaintiff's effort.  Despite the fact that Plaintiff is owed $900,000, Defendant under this provision, Axion has failed or refused to pay Plaintiff.

12. In public filings submitted by Defendant Axion regarding the Financing, Defendant Axion has represented that:

> "Certain Fees. No brokerage or finder's fees or commissions are or will be payable by the Company to any broker, financial advisor or consultant, finder, placement agent, investment banker, bank or other Person with respect to the transactions contemplated by this Agreement except to Merriman Curhan Ford & Co. (the "Placement Agent"). The Investor shall have no obligation with respect to any fees or with respect to any claims (other than such fees or commissions owed by the Investor pursuant to written agreements executed by the Investor which fees or commissions shall be the sole responsibility of the Investor) made by or on behalf of the Placement Agent or any other Persons for fees of a type contemplated in this Section that may be due in connection with the Transactions contemplated by this Agreement".

Section 3.1(s) of the Securities Purchase Agreement between Axion and the Quercus Trust ("Financing Agreement")

## FIRST CAUSE OF ACTION

**(Breach Of Contract as to Defendant Axion Power, Inc.)**

13. Plaintiff realleges Paragraphs 1 through 12, above, and incorporates those paragraphs by this reference.

14. On or about October 5, 2006, Plaintiff entered into the Agreement with Defendant Axion for consulting services, which were provided in substantial part in San Francisco, California.

15. Plaintiff has performed all the conditions, covenants, duties, responsibilities and promises required by it to be performed in connection with the Agreement.

16. Defendant Axion has breached the parties' Agreement by refusing to compensate Plaintiff for his services.

17. As a result of Defendant Axion's breach, Plaintiff has been damaged in an amount to be proven at trial, and has incurred attorney's fees in amounts in excess of the jurisdictional requirement of this Court.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good
Faith and Fair Dealing as to Defendant Axion Power, Inc.)**

18. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 12 and 14 through 17, above, of this Complaint, as though set forth in full.

19. In consideration for Plaintiff's performance under the Agreement, Defendant expressly and impliedly agreed to compensate Plaintiff accordingly and to deal fairly with Plaintiff.

20. In addition to Defendant's obligation to pay Plaintiff, Defendant was required to abide by the covenant of good faith and fair dealing implied by law in the relationship between Plaintiff and Defendant. The covenant of good faith and fair dealing required each party to refrain from taking any action which would deprive the other party of the benefits of the agreement or cause undue hardships or harm to the other party.

21. On or about January 15, 2008, Plaintiff was denied payment by Defendant without any justifiable cause or reason. The denial of payment was undertaken without probable cause or a good faith belief that good cause for the delay in payment in fact existed. Moreover, Defendant's conduct was an action extraneous to the Agreement and a violation of law and public policy and was undertaken with the intent to frustrate Plaintiff's enjoyment of its contract rights.

22. As a direct and proximate result of Defendant's breach, Plaintiff has sustained and will suffer economic losses in an amount to be proven at trial.

////
////
////
////
////

Complaint for Damages

### THIRD CAUSE OF ACTION

(Common Count – Quantum Meriut; Value of
Services Provided as to Defendant Axion Power, Inc.)

23.  Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 12, 14 through 17, and 19 through 22, above, of this Complaint, as though set forth in full.

24.  At all times herein relevant, Plaintiff provided Defendant Axion consulting services, which, among other things, generated approximately $18 million in available financing.  Plaintiff's efforts provided a material benefit to Defendant Axion.

25.  Despite the fact that Plaintiff was induced to provide said services at Defendant Axion's request, and that said services provided a material financial benefit, Defendant Axion has failed and refused to compensate Plaintiff for the reasonable value of said services.

26.  As a result of Defendant's refusal to fairly compensate Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

(Fraud – as to Defendants Axion Power, Inc., Thomas Granville)

27.  Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 12, 14 through 17, 19 through 22, and 24 through 26, above, and incorporates those Paragraphs by this reference.

28.  In undertaking the acts alleged herein, Defendant Thomas Granville acted as the agent, employee and representative of Defendant Axion Power, Inc., and actively participated in the conduct described herein.

29.  At all times herein relevant, Defendant Granville represented, in his capacity as Axion's President, that Defendant Axion would honestly and fairly abide

by its Agreement with Plaintiff. Defendants made those representations for the express purpose of inducing Plaintiff to fully perform the Agreement.

30. In making the representations herein alleged, Defendants intended to, and did, induce Plaintiff to fully perform all duties required of Plaintiff under the Agreement. However, at the time Defendant Granville made his representations, neither Defendants Axion or Granville intended to honor the Agreement. Rather, at all times herein relevant, Defendants Granville and Axion intended to, and did, induce Plaintiff to fully perform under the Agreement, without any intent to compensate Plaintiff for his work.

31. At the time Defendants made the representations herein alleged, Defendants knew that Plaintiff was relying upon Defendants to conduct themselves appropriately in the management and operation of Axion Power, Inc. Plaintiff's reliance upon Defendants was reasonable.

32. As a direct and proximate result of Defendants fraud, Plaintiff has incurred damages in an amount to be proven at trial.

33. Defendants' conduct as herein alleged was intentional, malicious, oppressive and undertaken in conscience disregard of Plaintiff's rights, or with a reckless disregard of the likelihood of causing Plaintiff damage, justifying an award of punitive damages.

**FIFTH CAUSE OF ACTION**

**(Professional Negligence – as to Defendant John Peterson)**

34. Plaintiff repeats and realleges every allegation contained in Paragraphs 1 through 12, 14 through 17, 19 through 22, and 24 through 26, and 28 through 33, above, and incorporates those Paragraphs by this reference.

35. Plaintiff is informed and believes, and thereon alleges, that Defendant Peterson is an attorney at law, that served on Defendant Axion's Board of Directors until January 15, 2007.

36.  Defendant Peterson was the individual who initially solicited Plaintiff's services on behalf of Defendant Axion, and induced Plaintiff to enter into the Agreement. In the course of discussing the terms of the Agreement with Plaintiff, Defendant Peterson disclosed that he was an attorney, and represented to Plaintiff that he would ensure that Plaintiff's interests were protected in the subject transaction with Defendant Axion.

37.  Unbeknownst to Plaintiff at the time the Agreement was entered into, Defendant Peterson was representing both Plaintiff and Defendant Axion. Despite an open and patent conflict of interest, Defendant Peterson did not disclose the existence of such a conflict to Plaintiff, or obtain Plaintiff's written consent to such conflict.

38.  At all times herein relevant, Defendant Peterson provided legal advice to Plaintiff which fell below the applicable standard of care. Specifically, Defendant Peterson did not caution Plaintiff that if he fully performed any and all duties and obligations to be performed on Plaintiff's part under the Agreement, that Defendant Axion may refuse to compensate Plaintiff for his services. Moreover, Defendant Peterson failed to include within the Agreement appropriate remedies to protect Plaintiff's interests in the event of Defendant's Axion breach of contract. Rather, Defendant Peterson represented and warranted to Plaintiff that he was familiar with Defendant Axion's business practices, and that Plaintiff did not have to be concerned that Defendant Axion would not honor the Agreement. As such, the legal advice provided by Defendant Peterson to Plaintiff, and upon which Plaintiff relied to its detriment, fell below the appropriate legal standard of care.

39.  As a direct and proximate result of Defendant Peterson's professional negligence, Plaintiff has been harmed in an amount to be proven at trial.

////

////

////

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount according to proof at trial;
2. For prejudgment interest in an amount according to proof at trial;
3. For punitive damages;
4. For attorney's fees;
5. For costs of suit herein; and
6. For such other and further relief as this Court may deem appropriate.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a jury trial for all issues so triable.

Dated: May 8, 2008        BETTS & WRIGHT

By_____
James B. Betts
Attorneys for Plaintiff
RICARDO RAMIREZ