1    **BETTS & WRIGHT, A Professional Corporation**
Attorneys at Law
2    P.O. Box 28550
Fresno, California 93729-8550
3    Telephone: (559) 438-8500
Facsimile: (559) 438-6959
4

James B. Betts (State Bar #110222)
5    Joseph D. Rubin (State Bar #149920)

6    Attorneys for Plaintiff CYPRESS AVENUE PARTNERS LLC

7

8

9                  UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12   CYPRESS AVENUE PARTNERS, LLC    ) | Case No. 08-002374 MEJ |
| 13          Plaintiff,         ) | |
| 14      v.            ) | **PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| 15   AXION POWER INTERNATIONAL, INC.; ) | |
| 16   JOHN GRANVILLE; JOHN PETERSON; ) and DOES 1-50, inclusive,     ) | |
| 17         Defendants.      ) | Date:    9/18/08 |
| 18   _____ ) | Time:    10:00 am Ctrm:    B, 15th Floor 450 Golden Gate Ave. |
| 19 | Judge: The Honorable Maria-Elena James |

20       Plaintiff, CYPRESS AVENUE PARTNERS, LLC, submits this Motion for Partial

21 Consideration pursuant to this Court's inherent power to reconsider its prior rulings

22 and to modify interlocutory orders prior to judgment. Specifically, Plaintiff seeks

23 reconsideration of this Court's Order dated August 4, 2008, to the extent that said

24 Order misconstrues Plaintiff's cause of action for legal malpractice to be subject to

25 the binding arbitration provision negotiated between Plaintiff and Defendant Axion

26 Power International, Inc.

27 **I.**    **INTRODUCTION**

28       Plaintiff's Complaint sets forth five separate and distinct causes of action,

1    including a fifth cause of action for professional negligence against Defendant John

2    Petersen.

3        Attached as Exhibit A to Plaintiff's Complaint is a copy of a written

4    agreement between Plaintiff and Defendant Axion Power International, Inc.

5    Included within that agreement is a binding arbitration clause.

6        On August 4, 2008, this Court issued its Order granting Defendants' Motion

7    to Dismiss, finding that the written agreement between Plaintiff and Defendant

8    Axion Power International, Inc. contains a binding arbitration provision.

9        Plaintiff brings the instant motion for consideration as to its fifth cause of

10   action, for professional negligence, on the grounds that the attorney client

11   relationship that existed between Plaintiff and Attorney Petersen was not a

12   component of the written agreement between Plaintiff and Defendant Axion, and is

13   not subject to binding arbitration.

14   **II.    PLAINTIFF'S CLAIM FOR LEGAL MALPRACTICE IS NOT SUBJECT TO
             ARBITRATION.**

15

16       A district court possesses the inherent power to reconsider and modify its

17   orders prior to the entry of judgment. *Smith v Massachusetts* (2005) 543 U.S.

18   462, 475; *Kona Enterprises, Inc. v Estate of Bishop* (9th Cir.2000) 229 F3d 877,

19   890.

20       In the instant case, this court should exercise its inherent power to correct

21   its order granting Defendants' Motion to Dismiss.  Specifically, this Court's ruling to

22   dismiss Plaintiff's Complaint, in its entirety, appears predicated upon the

23   proposition that each of Plaintiff's claims is subject to binding arbitration.

24   However, the existence of an agreement to arbitrate is a condition precedent to

25   enforcement.  Therefore, lack of such agreement is grounds to refuse arbitration.

26           "[A]rbitration is a matter of contract and a party cannot
            be required to submit to arbitration any dispute which he
            has not agreed so to submit."

27   *United Steel Workers of America v Warrior & Gulf Navigation Co.* (1960) 363 U.S.

28   574, 582; *Spear, Leeds & Kellogg v Central Light Assur. Co.* (2d Cir. 1996) 85 F3d

2

21, 28.

In the instant case, the sole source of any binding arbitration provision is the written agreement between Plaintiff and Defendant Axion. Plaintiff's legal counsel, Defendant John Petersen, was not a party to that written agreement or any other written agreement which is not subject to the binding arbitration. Thus, because Plaintiff and Defendant Petersen never entered into any agreement to arbitrate claims for legal malpractice, or any other dispute, the Court should reconsider its Order dismissing Plaintiff's complaint, and allow Plaintiff to proceed upon his claim for legal malpractice.

As stated in Plaintiff's opposition to Defendant's Motion to dismiss, to the extent that there are any deficiencies in Plaintiff's professional negligence claim, Plaintiff requests leave to amend.

III.    **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court reconsider, in part, its Order dismissing Plaintiff's complaint and reinstate Plaintiff's claim for legal malpractice against Defendant John Petersen.


Dated: August 11, 2008          BETTS & WRIGHT

                                By___/s/_____

                                James B. Betts
                                Attorneys for Plaintiff
                                CYPRESS AVENUE PARTNERS LLC