United States District Court<br/>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYPRESS AVENUE PARTNERS, LLC, | No. C 08-2374 MEJ |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| vs. | |
| AXION POWER INTERNATIONAL, INC., | |
| Defendant(s). | |

On August 4, 2008, the Court dismissed the above-captioned action. Now pending is Plaintiff's Motion for Reconsideration. Although Plaintiff's motion does not comply with Civil Local Rule 7-9(a), the Court shall consider it. Plaintiff argues that its professional negligence claim should not have been dismissed because it is not subject to the binding arbitration provision at issue in this case.

Under 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a state claim if it has dismissed all claims over which it has original jurisdiction. In making this determination, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350, n.7.

Here, only Plaintiff's state law negligence claim remains.  "Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice."  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (citing *Les Shockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir.1989)).  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  *Gibbs*, 383 U.S. at 726.  Accordingly, the Court finds that Plaintiff's remaining state law claim should be dismissed without prejudice to Plaintiff filing the cause of action in state court.  Accordingly, Plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: August 4, 2008

MARIA-ELENA JAMES
United States Magistrate Judge